Mark L. Javitch (CA SBN 323729)
210 S Ellsworth Ave #486
San Mateo, CA 94401
Telephone: 402-301-5544
Facsimile: 402-396-7131
javitchm@gmail.com
*Attorney for Plaintiff* and the Class

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL CANFIELD, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>PALMER ADMINISTRATIVE SERVICES, INC., a Delaware corporation<br><br>Defendant. | Case No.: **'19CV0022 GPC WVG**<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

1. Plaintiff Daniel Canfield ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant Palmer Administrative Services, Inc. ("Defendant" or "Defendant Palmer") to stop their illegal practice of making unauthorized calls that play prerecorded voice messages to the cellular telephones of consumers nationwide, and to obtain redress for all persons injured by their conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorney.

**NATURE OF THE ACTION**

1

2.      Defendant Palmer sells aftermarket extended auto warranties. As a primary part of marketing their products and services, Defendant and its agents place thousands of automated calls employing a prerecorded voice message to consumers' cell phones nationwide.

3.      Unfortunately, Defendant do not obtain prior express written consent to place these calls and, therefore, are in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4.      Congress enacted the TCPA in 1991 to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

5.      The TCPA targets unauthorized calls exactly like the ones alleged in this case, based on Defendant's use of a prerecorded voice called to consumers' cell phones without their consent.

6.      By placing the calls at issue, Defendant have violated the privacy and statutory rights of Plaintiff and the Class and caused them to suffer actual and statutorily recognized harm by subjecting them to the aggravation and inconvenience that necessarily accompanies the receipt of such annoying calls, and even worse, makes it nearly impossible for consumers to simply use their cell phone to receive important calls.

7.      Plaintiff therefore seeks an injunction requiring Defendant to stop clogging consumers' cell phones with unwanted prerecorded messages, as well as an award of actual and statutory damages to the Class members, together with costs and reasonable attorneys' fees.

**PARTIES**

8.      Plaintiff Daniel Canfield is a natural person and is a citizen of the District of Minnesota.

9.      Defendant Palmer Administrative Services, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 3430 Sunset Ave, Ocean, New Jersey.

10.     Defendant Palmer is also registered as a foreign corporation in California with Registered Agents Inc (C3365816) designated to receive service on its behalf at 1267 Willis Street, Ste 200, Redding, California.

## JURISDICTION AND VENUE

11. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

12. This Court has personal jurisdiction over Defendant because it conducts business in this District and in the State of California and because the events giving rise to this lawsuit occurred in this District.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant is registered to do business in this District, regularly conducts business in the State of California and in this District, and because the wrongful conduct giving rise to this case occurred in this District.

## COMMON FACTUAL ALLEGATIONS

14. Defendant sells and administers aftermarket extended auto warranties.

15. To increase the sales of their auto warranties and avoid paying for higher-cost but legitimate and legal forms of advertising, Defendant implemented a campaign to make telemarketing calls to thousands of consumers around the country simultaneously. Specifically, Defendant amassed the names, phone numbers, and vehicle information for thousands of consumers, from unknown sources, and then placed unsolicited calls offering extended auto warranty coverage.

16. When the Class members answered their cell phone thinking a real person was calling, Defendant pulled a bait and switch by playing a prerecorded voice message advertising Defendant's auto warranties.

17. Defendant respected Class Members' time and privacy so little that it did not even employ a real person to call them – it employed a machine to play prerecorded messages to thousands of consumers at once in the hopes that a couple may purchase Defendant's product and justify the annoyance to the rest of the Class as the "cost of doing business."

18. Unfortunately, Defendant failed to obtain any prior express written consent from consumers before bombarding their cell phones with these annoying voice recordings.

19. Defendant placed these calls from numerous spoofed phone numbers with area codes from around the country. That is, Defendant used various deceptive techniques to obscure the true phone numbers from which they were calling in hopes of increasing their sales.

20. These calls constituted commercial advertising and telemarketing as contemplated by the TCPA. Namely, the calls at issue promoted the sale of Defendant's extended auto warranties to thousands of consumers.

21. Defendant willfully and knowingly placed (and continues to place) these calls. As such, Defendant not only invaded the personal privacy of Plaintiff and other members of the Class, but also intentionally and repeatedly violated the TCPA.

### FACTS SPECIFIC TO PLAINTIFF DANIEL CANFIELD

22. On December 26, 2018, Plaintiff was on holiday vacation. He was staying on Rockhurst Drive in the Del Cerro neighborhood in San Diego, California, when he received a call from Defendant at 9:11 a.m. on his cell phone.

23. Defendant placed this call using the phone number 402-971-9344, which was similar to Plaintiff's number – who also has a "402" area code.

24. Upon information and belief, Defendant concealed its actual phone number and "spoofed" a phone number beginning with "402" in order to trick Plaintiff into answering a "local" number.

25. Upon information and belief, Defendant does not have a call center in the "402" area code, therefore the purpose of calling Plaintiff from this area code could only have been to deceive Plaintiff into answering a call he would have otherwise ignored.

26. Defendant's "402" number was "spoofed" because upon investigation, returning the call did not lead to a valid phone number.

27. When Plaintiff answered the call, he heard a prerecorded voice message advertising an extended auto warranty.

28. The automated voice prompted Plaintiff to "press one" to learn more.

29. Plaintiff pressed one and was then connected with a live telemarketing agent.

30. The agent said that he was selling five-year extended auto warranties from Defendant.

31. The agent explained that Defendant's warranty would cover all car parts for covered repairs with a $100 deductible.

32. The agent also said that Defendant's warranty also included 24/7 roadside assistance and benefits for rental cars.

33. The agent next said Defendant was charging an initial fee of $195.00 (One hundred ninety-five dollars) for the first month and 24 (twenty-four) additional payments of $145.00 (One hundred forty-five dollars). The 24 monthly payments would start on February 10, 2019.

34. The agent then said that the physical inspection would be waived, and after a thirty-day waiting period, the coverage would be active by January 28, 2019.

35. When Plaintiff said he wanted to learn more about Defendant Palmer, the agent hung up.

36. Plaintiff never consented to receive calls from Defendant. Plaintiff has no relationship with Defendant and has never requested that Defendant contact him in any manner, let alone place prerecorded voice calls to his cell phone.

37. Defendant's intrusive calls adversely affected Plaintiff's right to privacy. Defendant was and is aware that the above-described calls were being made on a widespread basis, and that these calls were being made to consumers who had not provided their prior express written consent to receive them.

## CLASS ALLEGATIONS

38. **Class Definition**: Plaintiff Canfield brings this action pursuant to Federal Rule of Civil Procedure 23(b)(3) on behalf of himself and a class defined as follows:

> **No Consent Class**. All persons in the United States who: (1) from the last 4 years to present (2) received at least one telephone call; (3) on his or her cellular telephone; (4) that was played a prerecorded voice message; (5) for the purpose of marketing Defendant's products or services; (6) where Defendant did not have any record of prior express written consent to place such call at the time it was made.

39. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have

5

been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

40. **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but it is clear that individual joinder is impracticable. On information and belief, Defendant placed telephone calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendant's records.

41. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited telephone calls.

42. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

43. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinge on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

44. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   i.      Whether Defendant's conduct violated the TCPA;

   ii.     Whether Defendant called and played its voice recordings to thousands of cell phones;

   iii.    Whether Defendant obtained prior written consent prior to contacting any members of the Class;

iv.  Whether members of the Class are entitled to treble damages based on the knowing or willfulness of Defendant's conduct.

45.  **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

## CAUSE OF ACTION
## Violation of 47 U.S.C. § 227
## (On behalf of Plaintiff and the Class)

46.  Plaintiff incorporates the foregoing allegations as if fully set forth herein.

47.  Defendant and/or its agent placed telephone calls to Plaintiff's and the Class members' cellular telephones, without having their prior express written consent to do so.

48.  Defendant's telephone calls were made for the purpose of marketing and advertising Defendant's extended auto warranty products.

49.  Defendant played a prerecorded voice message to the cell phones of Plaintiff and the Class members as proscribed by 47 U.S.C. § 227(b)(1)(A)(iii).

50.  By calling and playing the prerecorded voice message to Plaintiff's and the Class's cellular telephones without their prior express written consent, Defendant violated 47 U.S.C. §227(b)(1)(A)(iii).

51.  As a result of its unlawful conduct, Defendant repeatedly invaded Plaintiff's and the Class's personal privacy, causing them to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling

them to recover $500 in damages for each violation and an injunction requiring Defendant to stop their illegal calling campaign.

52. Defendant and/or its agent made the violating calls "knowingly" and/or "willfully" under 47 U.S.C. § 227(b)(3)(C).

53. Defendant made the calls "knowingly" by intentionally placing calls to consumers' cell phones that played a prerecorded voice message and/or acquiring customers by having its agents engage in such practices.

54. Defendant's behavior is willful because Defendant deliberately placed calls to consumers' cell phones that played a prerecorded voice message without even attempting to obtain their consent.

55. If the court finds that Defendant willfully or knowingly violated this subsection, the court may exercise its discretion to increase the amount of the award from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

56. Defendant has been litigating TCPA cases since as early as 2015 so it has had ample opportunity for more than three years to cure its TCPA violations since it was first sued under the TCPA. *See Mey v. Got Warranty, Inc.*, 193 F. Supp. 3d 641 (N.D.W.Va. 2016) (Complaint filed August 6, 2015); *Garvey v. Fortegra Fin. Corp.*, Case No 16 CV 11210, 2017 U.S. Dist. LEXIS 142482 (N.D. Ill, Aug. 4, 2017). Unfortunately, despite being on notice of what behavior is prohibited under the TCPA, Defendant failed to take steps to prevent additional violations.

57. Defendant's "spoofing" of phone numbers to appear like local numbers to consumers is a bad faith tactic to sabotage consumers' call screening efforts and further shows that Defendant's conduct is knowing and willful under 47 U.S.C. § 227(b)(3)(C).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Daniel Canfield, individually and on behalf of the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff Daniel Canfield as the Class representative and appointing his counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate the TCPA;

C. An injunction requiring Defendant to cease all unlawful calls without first obtaining the call recipients' prior express written consent to receive such calls, and otherwise protecting interests of the Class;

E. An injunction prohibiting Defendant from employing automated prerecorded messages without obtaining, and maintaining records of the call recipients' prior express consent to receive calls made with such equipment, and otherwise protecting the interests of the Class;

F. An award of actual and statutory damages;

G. An award of reasonable attorneys' fees and costs; and

H. Such other and further relief that the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: January 4, 2019

                Respectfully submitted,

                DANIEL CANFIELD, individually and on behalf of all others similarly situated,

                By: /s/ Mark L. Javitch
                Plaintiff's Attorney

Mark L. Javitch (SBN 323729)
Mark L. Javitch, Attorney at Law
210 S. Ellsworth Ave #486
San Mateo CA 94401
Tel: 402-301-5544
Fax: 402-396-7131

*Attorney for Plaintiff and the Putative Class*